The Honorable Gordon Webb Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, AR 72602-0483
Dear Mr. Webb:
I am writing in response to your request for my opinion on the following questions:
 1. Do Section 1 of Act 803 of 1999 and Act 1396 of 1999 permit the upper Buffalo River Elk Information Center to lease a building separately from the law enforcement center currently under consideration?
 2. Once the funds have been disbursed, is there a time limit in which the county has to spend the funds for the purpose designated?
By way of background, you have provided the following information:
 [T]hese two (2) Acts provided a total of $430,000.00. Act 803 provided $350,000.00 "for the construction of an upper Buffalo River elk information and law enforcement center in Jasper, Arkansas." The appropriate section of Act 1396 provided $80,000.00 "for additional construction and operating expenses of the upper Buffalo River elk information and law enforcement center."
 Land has been purchased for the construction of a new law enforcement center. However, the elk foundation folks do not want to be in the same building because of the location. They have presented a proposal to the Quorum Court of Newton County requesting that they be allowed to lease a building on Highway 7 and operate separately. The question has arisen, under this legislation, is the separate lease authorized?
RESPONSE
In my opinion, the answer to both of your questions is "no," subject to the condition that the county is obligated to put the funds to their intended use in timely fashion.
Question 1: Do Section 1 of Act 803 of 1999 and Act 1396 of 1999 permitthe upper Buffalo River Elk Information Center to lease a buildingseparately from the law enforcement center currently underconsideration?
Section 1 of Act 803 of 1999 provides in its entirety:
 APPROPRIATIONS — UPPER BUFFALO RIVER ELK INFORMATION AND LAW ENFORCEMENT CENTER. There is hereby appropriated, to the Department of Finance and Administration — Disbursing Officer, to be payable from the General Improvement Fund or its successor fund or fund accounts, the following:
 (A) For the construction of an Upper Buffalo River elk information and law enforcement center in Jasper, Arkansas, the sum of . . . . $350,000.
Section 1 of Act 1396 of 1999 further provides in pertinent part:
 APPROPRIATION — GRANTS AND EXPENSES. There is hereby appropriated, to the Department of Finance and Administration — Disbursing Officer, to be payable from the State General Services Fund Account, for miscellaneous grants and expenses of the Department of Finance and Administration — Disbursing Officer for the biennial period ending June 30, 2001, the following:
* * *
 (C) For additional construction and operating expenses of the Upper Buffalo River Elk Information and Law Enforcement Center, the sum of . . . . . . . . . . . . . . . . . . . . . . . . . . . .$80,000.
As these excerpts reflect, both Act 803 and Act 1396 expressly authorize the Disbursing Officer of DFA to disburse the appropriated amounts only for the construction and operation of a single facility — the Upper Buffalo River Elk Information Center and the Law Enforcement Center. In my opinion, the Newton County Quorum Court is wholly without authority to direct that these funds be expended, on the one hand, for the construction and operation of a Law Enforcement Center and, on the other, for the rental and operation of an Upper Buffalo River Elk Information Center.
Under the facts as you have recited them, the DFA disbursing officer has already disbursed the funds from the state treasury, presumably into the county treasury, for the purpose of constructing the center referenced in the above quoted legislation.[1] In effect, you are asking whether it would now be permissible for the Newton County Quorum Court, having obtained control of these funds, to reappropriate them for a different purpose.[2] In my opinion, any such effort would violate the provisions of A.C.A. § 14-14-801(a), which provides:
 As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
In the present case, the proper use of the funds at issue has already been determined "by law" — namely, by Acts 803 and 1396 of 1999. In my opinion, any effort to redesignate the proper use of these funds by the Newton County Quorum Court — or, for that matter, by the Newton County Judge as the officer charged with the duty of authorizing county allowances, A.C.A. § 14-14-1101(a)(2) — would constitute an illegal exaction in violation of Ark. Const. 16, § 13.
Question 2: Once the funds have been disbursed, is there a time limit inwhich the county has to spend the funds for the purpose designated?
I will assume that by "purpose designated" you mean "designated by the General Assembly." Given this assumption, I believe the answer to your question is "no," subject to the condition that the county is obliged actually to use the funds as designated, see A.C.A. §§ 14-14-802(a)(5) and14-14-807(5) — a condition I interpret as meaning that the funds should be expended in timely fashion.
As previously noted, Ark. Const. art. 5, § 29 dictates that "no appropriations shall be for a longer period than two years." However, I do not believe this temporal restriction bears on your request, since you report that the appropriated funds have already been disbursed to the county.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] In my opinion, the disbursing officer's action in doing so is in all respects consistent with the two appropriation acts and the following constitutional provisions:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
Ark. Const. art. 5, § 29.
 No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.
Ark. Const. art. 16, § 12.
[2] In Ark. Op. Att'y Gen. No. 91-416, one of my predecessors opined that federal forfeiture funds received by a county law enforcement agency must be appropriated by the quorum court before being removed from the county treasury. I believe the same conclusion applies to funds made available to the county by state legislative appropriation and disbursement. See A.C.A. § 14-14-801(b)(2).